STEVEN G. KALAR
Federal Public Defender
Northern District of California
DAVID RIZK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    (415) 436-7700
Facsimile:    (415) 436-7706
Email:        David_Rizk@fd.org

Counsel for Defendant Bohannon

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY BOHANNON,<br><br>Defendant. | **Case No.:** CR 19–0039 CRB<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

       With the agreement of Wesley Bohannon, the United States of America, and Microsoft

Corporation (Microsoft), which has had notice of and consented through counsel to the following, the

Court enters the following Protective Order:

       Defendant is charged with possession of child pornography in violation of 18 U.S.C. §

2252(a)(4)(B) and (b)(2). Pursuant to Mr. Bohannon's subpoena, Microsoft will produce documents

and other materials pertaining to the defendant and the charged offense to defense counsel. The

discovery to be provided includes documents or other materials falling into one or more of the

following categories (collectively, "Protected Information"):

       1.      Personal Identifying Information of any individual (other than his or her name),

including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2.      Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3.      Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information").

4.      Proprietary information, other third-party proprietary information, and other private party information, including confidential, research, development, or commercial information, other non-public financial data, and private individual data.

Microsoft may, in good faith, designate materials, such as documents and tangible things (including e-mail and electronic data), in this matter that contain Protected Information as "PROTECTED" and subject to this Protective Order.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse, IT IS HEREBY ORDERED that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by Microsoft., but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any discovery material produced by Microsoft that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been entirely redacted from the discovery materials. Microsoft and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Defense counsel may also provide copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.

Defense counsel may provide any and all discovery, regardless of whether it contains Protected Information, to the government.  Documents and tangible things designated as "PROTECTED" under this Protective Order shall be used only for the purpose of this matter and shall not be used for any

1    personal or business purpose, or in any other litigation or other proceeding, or for any other purpose,

2    except by leave of Court. Anyone who receives discovery under this Order shall be provided a copy

3    of this Order and shall initial and date the order reflecting their agreement to be bound by it before

4    reviewing or possessing any documents subject to this Protective Order. This Order shall also apply

5    to any copies made of any materials covered by this Order.

6           IT IS FURTHER ORDERED that neither a defendant nor any member of the defense team

7    shall provide any discovery material produced by Microsoft—whether or not the material constitutes

8    or contains Protected Information within the meaning of this Order—to any third party (i.e., any

9    person who is not a member of the defense team) other than the government or make any public

10   disclosure of the same, other than in a court filing, without further order of this Court. If a party files

11   a pleading that references or contains or attaches Protected Information subject to this Order, that

12   filing must be under seal.

13          IT IS FURTHER ORDERED that the defendant's counsel may maintain any discovery

14   produced by Microsoft, including Protected Information, until the period for filing a motion under 28

15   U.S.C. § 2255 has expired. If the defendant files a motion under 28 U.S.C. § 2255, defense counsel

16   shall return the documents and materials subject to this Protective Order within 14 days after the

17   district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district

18   court's order denying the motion, whichever is later.

19          This stipulation is without prejudice to either party applying to the Court to modify the terms of

20   any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either

21   party even after the conclusion of district court proceedings in this case.

22          This Protective Order shall remain in full force and effect during and after the termination of

23   this matter, whether by settlement, judgment, or other disposition or conclusion and all appeals

24   therefrom, until modified by an Order of the Court.

25          \\

26          \\

27          \\

28          \\

IT IS SO STIPULATED.

Dated:     March 31, 2020

                              STEVEN G. KALAR
                              Federal Public Defender
                              Northern District of California

                              _____/S_____
                              DAVID RIZK
                              Assistant Federal Public Defender

Dated:     March 31, 2020

                              DAVID L. ANDERSON
                              United States Attorney
                              Northern District of California

                              _____/S_____
                              ALEXANDRA SHEPARD
                              Special Assistant United States Attorney

        Date: April 7, 2020

GRANTED

Judge Charles R. Breyer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA