STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DAN M. KARMEL (NYBN 5151485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7007
    FAX: (415) 436-7234
    Dan.Karmel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-00039 CRB |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | |
| WESLEY STEVEN BOHANNON, | |
| Defendant. | |

I.    **INTRODUCTION**

On March 24, 2021, defendant Wesley Steven Bohannon pled guilty to the single-count Indictment in this matter charging him with Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). The guilty plea followed a law enforcement investigation that revealed Bohannon had possessed over 3,000 images of child pornography and several child pornography videos, some involving children as young as infants being sexually assaulted.

The materials that Bohannon possessed showed children being sexually abused, humiliated, and degraded. The young victims of these heinous crimes are revictimized every time images and videos documenting their abuse are downloaded and viewed, and the prolific circulation of child pornography

perpetuates the fear and trauma they suffer. What is worse, the downloading and viewing of child pornography promotes its continued production, leading to the further brutalization of new young victims in order to satisfy the appetites of child pornography viewers.

U.S. Probation's Presentence Investigation Report ("PSR") calculates that Bohannon has a total offense level of 28, criminal history score of 7, and Criminal History Category of IV. (PSR ¶¶ 57–66.) The government agrees with Probation's offense level and criminal history calculations. As reflected in the PSR, the Guidelines range for imprisonment associated with an adjusted offense level of 28 and Criminal History Category IV is 110 to 137 months. (*Id.* ¶ 106.) For the reasons set forth below, the government recommends a sentence of 110 months of custody followed by five years of supervised release.

## II. BACKGROUND

### A. The Charged Conduct

The government agrees with Probation's description of the offense conduct as set forth in the PSR. (*See* PSR ¶¶ 5–15; *see also* Plea Agreement (Dkt. No. 89) ¶ 2.) Bohannon possessed thousands of images of child pornography, including over 500 images of child pornography in his Microsoft OneDrive Account and approximately 2,700 images and several videos of child pornography on his laptop (PSR ¶¶ 8, 11). These included an image of an approximately six- to seven-year-old prepubescent female engaging in oral copulation on an adult male, an adult male inserting his penis into the vagina of an approximately four- to five-year-old prepubescent girl, and an image of an approximately two- to three-year-old naked prepubescent girl whose arms and legs appear to be bound with a rope, with the rope stretching her arms and legs apart to expose her genitals. (*Id.* ¶¶ 7, 12.)

## III. SENTENCING GUIDELINES CALCULATIONS

As set forth in the PSR, the Sentencing Guidelines calculation for Bohannon's offense level is as follows:

    a.    Base Offense Level, U.S.S.G. §2G2.2(a)(1):    18

    b.    Specific offense characteristics:

        i.    Material involved prepubescent minors or those who were under 12, §2G2.2(b)(2)    + 2

|  |  |  |
|---|---|---|
| ii. Material portrayed sadistic or masochistic conduct, §2G2.2(b)(4)(A) | | + 4 |
| iii. Offense involved use of a computer, §2G2.2(b)(6) | | + 2 |
| iv. Offense involved 600 or more images, §2G2.2(b)(7)(D) | | + 5 |
| c. | Adjusted Offense Level | 31 |
| d. | Acceptance of Responsibility, §3E1.1: | - 3 |
| e. | Total Offense Level: | 28 |

(PSR ¶¶ 45–57.)

The PSR concludes that Bohannon's criminal history score is 7, and that he therefore falls into Criminal History Category IV. (*Id.* ¶ 66.) The government agrees with Probation's offense level and criminal history calculations. As reflected in the PSR, the Guidelines range for imprisonment associated with an adjusted offense level of 28 and Criminal History Category IV is 110 to 137 months. (*Id.* ¶ 106.)

## IV. SENTENCING RECOMMENDATION

### A. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. Discussion of Section 3553(a) Factors

#### 1. The seriousness of the offense

The government believes that 110 months in custody is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a)(2). The substantial amount of child pornography that Bohannon possessed portrays the sexual exploitation and rape of real children, serious crimes in the view of Congress. In passing the Child Pornography Prevention Act of 1996, Congress recognized that production of child pornography "is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved," because it creates a permanent record of the child's abuse, allowing for continued victimization of that child. S. Rep. 104-358 § 2 (1)(2) (1996).

The child pornography industry depends on consumer demand, and Bohannon contributed to that demand by possessing thousands of images of children being sexually abused. *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007) ("The greater the customer demand for child pornography, the more that will be produced."). Congress found that the mere existence of pornographic materials containing children "creates the potential for many types of harm in the community and presents a clear and present danger to all children; and [] inflames the desires of child molesters, pedophiles, and child pornographers who prey on children," leading to the abuse and exploitation of children as creation and production of additional pornographic material is needed. S. Rep. No. 104-358, § 2 (10). Indeed, the victim impact statements in this case prove Congress was correct. They illustrate the "avalanche of pain" these victims have suffered and the ways in which people like Bohannon contribute to the lasting effects of their abuse and suffering. (*See* PSR ¶ 41; *see also id.* ¶¶ 20–40.)

#### 2. Just punishment, deterrence, and avoiding sentence disparities

The sentence recommended by the government, at the low end of the Guidelines, is a fair one, and appropriately meaningful to serve as a deterrent to conduct involving the sexual exploitation of children. It rests on the criminal justice system to stem the supply and demand of child pornography, including the re-victimization of children through repeated viewing of the sexual abuse they endured. Bohannon, and others contemplating the criminal conduct that he engaged in, must understand that the exploitation of children cannot be tolerated, and that the consequences for it will be appropriately severe.

### 3. The history and characteristics of the defendant

Bohannon's offense in this case is only the latest in a history of serious criminal conduct, (*see* PSR ¶¶ 61–65), the most severe of which are his 1992 conviction for Burglary, in which, while on probation for his prior Burglary conviction, he entered the victim's property in order to commit rape and theft, (*id.* ¶¶ 61–62), and his 1999 conviction for First Degree Burglary and Assault to Commit Rape, in which he broke into a woman's home and sexually assaulted her, and then tackled her down the stairs as she attempted to escape. (*Id.* ¶ 63). Bohannon has since suffered two convictions for failing to register as a sex offender, which resulted in him serving custodial sentences of 180 days and 90 days, respectively. (*Id.* ¶¶ 64–65.)

To be sure, the PSR also presents significant mitigating factors on Bohannon's behalf. Bohannon has himself been the victim of significant trauma and abuse, and he suffers from serious physical and mental health conditions. (*Id.* ¶¶ 75–96.) He also has faced significant challenges with respect to his housing and employment. (*Id.* ¶¶ 79, 101.) Balancing the seriousness of the offense against those mitigating factors, it is the government's position that a sentence at the bottom of the Guidelines is appropriate. Accordingly, the government recommends that the Court sentence Bohannon to 110 months of imprisonment, five years of supervised released, a mandatory $100 special assessment,[1] and forfeiture. The government also requests that the Court impose the following suspicionless search condition:

> You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

## V. CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence Bohannon to 110 months of imprisonment, five years of supervised release, a special assessment, and forfeiture, as well as restitution to be determined at a later date.

---

[1] Based on Bohannon's financial situation, he may qualify as an indigent person who would not be obligated to pay the additional $5,000 special assessment.

DATED: August 26, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

 /s/ Dan Karmel
DAN M. KARMEL
Assistant United States Attorney