IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

United States,

        Plaintiff,

    v.

Wesley Steven Bohannon,

        Defendant.

Case No. 19-cr-00039-CRB-1

**ORDER DENYING MOTION FOR RECONSIDERATION**

Defendant Wesley Steven Bohannon ("Bohannon") brings this motion for reconsideration of the Court's order making additional factual findings in response to the Ninth Circuit's remand. See Mot. for Reconsideration (dkt. 149); dkt. 140. In that order, the Court found that "a Microsoft employee reviewed the image at issue in Bohannon's OneDrive file before the file was forwarded to NCMEC," based on the CyberTip Report, as well as two declarations submitted along with the government's opposition to Bohannon's motion to suppress. See dkt. 140 at 2. Subsequently, Bohannon requested, and the Court ordered, a Rule 17(c) subpoena to be served on Microsoft requesting records relating to the CyberTip, and the underlying review of the images in Bohannon's file. See dkt. 146. This motion for reconsideration followed.

Because Bohannon does not introduce any newly discovered evidence or intervening law that requires reconsideration of the Court's prior order, Bohannon's motion is DENIED.

## I.    LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not explicitly contemplate motions for reconsideration, "numerous circuit courts have held that motions for

United States District Court
Northern District of California

United States District Court
Northern District of California

1   reconsideration may be filed in criminal cases." United States v. Mendez, 07-cr-11, 2008

2   WL 2561962, at *1 (C.D. Cal. June 25, 2008) (quoting United States v. Hector, 368 F.

3   Supp. 2d 1060, 1063 (C.D. Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir.

4   2007)); United States v. Martin, 226 F.3d 1042, 1047 (9th Cir. 2000).  Such motions "are

5   governed by the rules that govern equivalent motions in civil proceedings." Mendez, 2008

6   WL 2561962, at *2 (citing Hector, 368 F. Supp. 2d at 1063).  So, in considering

7   Bohannon's motion, Federal Rule of Civil Procedure 60 applies. Id.; see also United

8   States v. Arteaga-Centeno, No. 18-CR-00332-CRB-1, 2019 WL 1995766, at *6 (N.D. Cal.

9   May 6, 2019), aff'd, 836 F. App'x 589 (9th Cir. 2021).

10  **II.   DISCUSSION**

11       Bohannon argues that the following intervening change in law occurred, and new

12  evidence discovered, prompting reconsideration:  First, the Ninth Circuit's ruling in

13  Wilson; and second, two statements by Microsoft's counsel during negotiations in this and

14  another case before Judge Chen.  See United States v. Burley, No. 21-cr-198-EMC (N.D.

15  Cal.).  Neither argument supports reconsideration, nor does any other argument Bohannon

16  has raised in his briefing.

17       First, Wilson is not an intervening change in law that warrants reconsideration.  Of

18  course, Wilson is the reason for the Ninth Circuit's remand on this narrow factual question.

19  See Remand Order (dkt. 139).  But Wilson does not alter the substance of the factual

20  question the Court answered in its prior order and revisits here—whether a Microsoft

21  employee viewed the images at issue before forwarding them to NCMEC.  Wilson only

22  requires that the question be answered one way or another.

23       Second, the statements by Microsoft's counsel are not "newly discovered evidence"

24  that alter the Court's analysis of the underlying factual question.  Bohannon points to two

25  statements: (1) in response to Bohannon's counsel's question whether "Mr. Davis'

26  declaration indicates that a Microsoft employee reviewed the actual image file from Mr.

27  Bohannon's OneDrive account," that Microsoft's counsel did not know and would need to

28  investigate, First Rizk Decl. (dkt. 149-1) ¶ 4; and (2) while conferring on the same issue in

United States District Court
Northern District of California

1   a different case, Microsoft's counsel stated that "Microsoft does not retain specific 'who

2   what when' records on the review of any given image." Id. Ex. C at 1.  Of course,

3   statements by counsel are not evidence.  Cf. Ninth Circuit Model Criminal Jury

4   Instructions § 1.4 (statements and arguments of attorneys are not evidence).  But even if

5   Microsoft has retained no further evidence on the CyberTip at issue, that does not call into

6   question the plain meaning of the CyberTip's language, or Sean Davis's declaration

7   explaining what that language means.  See CyberTip Report (dkt. 64-1) at WSB-192 ("Did

8   Reporting ESP view entire contents of uploaded file?" "Yes."); Davis Decl. (dkt. 71-2)

9   ¶ 15 (stating that, by responding "Yes," Microsoft has indicated "that someone at

10  Microsoft reviewed the image at issue before it was transmitted to NCMEC").[1]

11          Finally, Bohannon argues that, if the Court is not prepared to grant reconsideration,

12  it must, "at a minimum," order an evidentiary hearing, because "a genuine issue of

13  material fact requir[es] an evidentiary hearing."  Reply (dkt. 152) at 5 (quoting United

14  States v. Henderson, 241 F.3d 638, 649 (9th Cir. 2000)).  Bohannon contends that an

15  evidentiary hearing is required to determine whether: (1) in December 2017, Microsoft had

16  a business practice of manually reviewing the precise images in user's files before sending

17  those files to NCMEC; and (2) whether employees were adequately trained to follow that

18  business practice.  Id.

19          But Bohannon has not put forth evidence sufficient to raise a genuine issue of

---

[1] The government has recently filed a supplemental declaration providing more evidence that a Microsoft employee (in this case, two employees) reviewed the files in question before transmitting them to NCMEC.  See Supp. Brown Decl. (dkt. 161-1) ¶ 5, Ex. A.  Bohannon argues that Microsoft failed to comply with Bohannon's subpoena, because it found the document underlying the government's supplemental declaration even though it represented to Bohannon that it "investigated but has not identified any responsive documents."  Third Rizk Decl. Ex. B (dkt. 163-3); Application and Proposed Order to Show Cause (dkt. 163).  It seems that, pursuant to its investigation into documents responsive to the subpoena in Burley, Microsoft investigated further and found a document arguably responsive to the subpoena in this case.  See dkt. 165.  Microsoft then promptly provided that document, along with a supplemental declaration, to both parties.  Id.  There is no doubt that the defense has received the document and Microsoft's explanation for the document and has had an opportunity to respond.  Further, the Court is not persuaded that Microsoft was "driven by litigation strategy rather than its legal obligations" or that it is "produc[ing] only select responsive materials [that] might be helpful to the government" and leaving other responsive materials (presumably helpful to the defense) unproduced.  Application and Proposed Order to Show Cause at 3.

3

1    material fact.  The CyberTip itself is clear: It asks, "Did Reporting ESP view entire

2    contents of uploaded file?" and Microsoft responded "Yes."  CyberTip Report at WSB-

3    192.  This indicates that someone at Microsoft reviewed the contents of the file at issue,

4    not a duplicate image or an associated hash, as Bohannon argued in his motion to suppress

5    and again argues in his motion for reconsideration.  See dkt. 140 at 2; Mot. to Suppress

6    (dkt. 63) at 22; Mot. for Reconsideration at 2.  The declarations submitted by the

7    government from two Microsoft employees, far from weakening the government's

8    position, strengthen it.  See Davis Decl. ¶ 15; First Brown Decl. (dkt. 151-1) ¶ 4

9    ("Microsoft does not answer 'Yes' as a matter of course in every case, but instead provides

10   this answer only when someone at Microsoft has actually reviewed the contents of the

11   user's image at issue. Such manual review is conducted close in time to Microsoft's

12   submission of the CyberTipline Report, which involves providing the 'Yes' response to the

13   question posed by the CyberTipline template."); Supp. Brown Decl. ¶ 5, Ex. A (explaining

14   that the document attached to the declaration shows that two Microsoft employees

15   reviewed the image underlying the CyberTip before it was submitted to NCMEC).

16        It is true that neither Davis nor Brown worked on these precise safety issues at

17   Microsoft when the CyberTip at issue was submitted in December 2017.[2]  But the basis for

18   their knowledge of what Microsoft means when it answers that CyberTip question is clear

19   from their roles when the declarations were provided.[3]  And to the extent that Bohannon

20   argues that the government must proffer evidence that Microsoft employees manually

21   reviewed Bohannon's file in accordance with the processes described by Davis and Brown

22

23   ─────────────────────

24   [2] Though both did work at Microsoft at that time, albeit in different roles.  See First Rizk Decl.
     (dkt. 149-2) Ex. A (Davis's LinkedIn page, listing his role in 2017 as the Advertising Trust and

25   Safety Manager of Network Quality Services); Second Rizk Decl. (dkt. 153-2) Ex. B (Brown's
     LinkedIn page, listing his role in December 2017 as a Principal Engineering Manager for Outlook
     Mobile).

26
     [3] When Davis provided his declaration in November 2020, he was Head of Digital Safety

27   Operations. Davis Decl. ¶ 1.  Since November 2021, he has been the Advertising Trust & Safety
     Director.  See First Rizk Decl. Ex. A.  Alon Brown's first declaration, provided by the government

28   along with its opposition, states that he is currently the Partner Director of the Digital Trust and
     Safety Team.  See First Brown Decl. ¶ 1.

1   and memorialized in the CyberTip, such evidence is "cumulative and therefore

2   unnecessary," even though the government provides precisely this kind of evidence in its

3   supplemental submission.  United States v. Eley, No. 21-cr-11, 2022 WL 181255, at *4 (D.

4   Nev. Jan. 20, 2022); see also id. (observing that it is "logical that the Cybertip report form

5   is thoughtfully constructed to obviate direct interaction between" employees of reporting

6   companies and law enforcement because "there were apparently '18.4 million CyberTips

7   in 2018'" (quoting Wilson, 13 F.4th at 980)); Supp. Brown Decl. ¶ 5, Ex. A.

8   **III.    CONCLUSION**

9          For the foregoing reasons, Bohannon's motion is DENIED.

10         **IT IS SO ORDERED.**

11         Dated: June 16, 2023

CHARLES R. BREYER
United States District Judge